# IN THE COURT OF APPEALS OF IOWA

No. 21-0694
Filed March 30, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**HEATHER L. SWANSON,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Boone County, Stephen A. Owen, District Associate Judge.

A defendant appeals her conviction for theft, contending there is insufficient evidence she had the intent to permanently deprive the owner of their property. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by May, P.J., and Schumacher, J. and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**SCHUMACHER, Judge.**

Heather Swanson appeals her conviction for theft in the third degree, contending there is insufficient evidence she had the intent to permanently deprive the owner of their property. We find substantial evidence supports the conviction. Accordingly, we affirm.

## I.      Background Facts and Proceedings

A reasonable jury could find the following facts to support Swanson's conviction. Swanson was shopping at a retail store on April 19, 2020.[1] John Smith, an employee working as a loss prevention associate, was alerted to Swanson's presence. He began surveilling Swanson as she shopped. He observed Swanson remove labels from clearance dairy items and place them on two items of meat.[2] Swanson placed the labels on the meat while standing approximately halfway down an aisle where no other shoppers were present.

Upon finishing her shopping, Swanson began scanning her items at a self-checkout lane. A surveillance video introduced at trial showed Swanson as she scanned her items. Testimony at trial indicated that when an item was properly scanned, the item would show up on a display screen, the system would make an audible beep, and the scanning light would turn from green to red. Swanson denies knowledge of how the system worked, claiming she relied solely on the auditory signal to determine when an item was scanned. During checkout, Swanson failed to correctly scan several items, including a bag of chips, a pizza,

---

[1] Swanson claims her long-time boyfriend was also present, although John Smith testified he never saw the boyfriend.

[2] Smith did not see Swanson place a clearance tag on a third item, which was discovered after he compared her receipt to her items after checkout.

and dog treats.  She also scanned the clearance dairy tags she affixed to the meat rather than the proper bar codes.  She rotated several other items in order to properly scan them.

After finishing at the checkout, Swanson went to customer service. Swanson claims she believed her total cost was below what she expected, so she went to customer service to ask what to do.  She further claims the customer service employee told her she should go home and call back if she determined she paid an incorrect amount.[3]

Smith stopped Swanson just before she exited the store and informed her that they needed to discuss the items she failed to scan.  After examining her receipt and shopping cart, Smith determined Swanson's total was about seventy dollars below what it should have been.  As a result, Smith contacted the local police, who arrested Swanson.  Swanson, who has significant health problems, claims she was scanning items quickly because she did not feel well and wanted to get home.  She denied deliberately failing to scan items or placing different tags on multiple items.

Swanson was charged with theft in the third degree by trial information on May 28.  She pled not guilty, and the case went to a jury trial on February 2, 2021. During trial, Smith, Swanson, a police officer, and Swanson's boyfriend testified. After the close of the State's evidence, Swanson moved for a judgment of acquittal, which was denied.  She renewed the motion after the close of all evidence, which was also denied.  Swanson was found guilty of third-degree theft, in violation of

---

[3] No testimony was provided from a customer service representative at trial.

Iowa Code sections 714.1(4) and 714.2(3) (2020) on February 3, 2021.[4] The court sentenced Swanson to two years in prison, but suspended the sentence and placed Swanson on probation. Swanson appeals.

## II. Standard of Review

We review challenges to the sufficiency of evidence for correction of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). Our supreme court has summarized our review:

> In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence. We will uphold a verdict if substantial record evidence supports it. We will consider all the evidence presented, not just the inculpatory evidence. Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt. Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury [is] free to reject certain evidence, and credit other evidence.

*Id.* (alteration in original) (internal citations and quotations omitted).

## III. Discussion

Swanson claims that there is insufficient evidence to support her conviction. In particular, she claims that there is insufficient evidence that she intended to permanently deprive the retailer of their property. Swanson contends she believed she was properly scanning her items, and only missed some items due to her lack of knowledge of how the checkout system worked and the beeps coming from nearby checkout counters. She also denies placing clearance tags on the items of meat she scanned.

---

[4] Following the jury verdict for theft, a separate trial was conducted concerning an enhancement due to two prior theft convictions.

"Specific intent is seldom capable of direct proof." *State v. Ernst*, 954 N.W.2d 50, 55 (Iowa 2021) (quoting *State v. Walker*, 574 N.W.2d 280, 289 (Iowa 1998)). "Therefore, specific intent will often 'be shown by circumstantial evidence and reasonable inferences drawn from the evidence.'" *Id.* As the *Ernst* court noted,

> While other conflicting scenarios can be postulated, a court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.

*Id.* at 57-58 (quoting *State v. Bentley*, 757 N.W.2d 257, 263 (Iowa 2008)).

Swanson asserts the evidence presented is susceptible to two equally plausible explanations: (1) she intended to steal the items by deliberately failing to scan them, or (2) she simply did not understand how the machines worked and believed she had paid for the items. She cites *State v. Truesdell* for the proposition that "when two reasonable inferences can be drawn from a piece of evidence, we believe such evidence only gives rise to a suspicion, and, without additional evidence, is insufficient to support guilt." 679 N.W.2d 611, 618-19 (Iowa 2004). Thus, according to Swanson, there is insufficient evidence of her intent to steal the items.

We readily distinguish the present case from *Truesdell*. First, *Truesdell* relied on a *single* piece of evidence—the defendant was convicted of possession of a precursor with intent to manufacture, and the inference of intent was based solely on the possession of seventy boxes of pseudoephedrine. *Id.* at 614. Here, there was eyewitness testimony of Swanson placing clearance dairy tags on meat items, video of her failing to scan items, including times at which the bar code was

pointed upwards toward Swanson, and video of Swanson correctly scanning other items after turning them around to enable the scanner to pick up the barcode. Therefore, this is not a case where a single piece of evidence produced multiple reasonable inferences.

When "[t]he success of [the defendant]'s claim at trial hinged on the facts as viewed by the fact-finder . . . it is not for us to interfere with the finding made when supported by substantial evidence, even though the evidence may have also supported a finding favorable to the defendant." *Ernst*, 954 N.W.2d at 58 (first and second alterations in original) (quoting *State v. Keeton*, 710 N.W.2d 531, 535 (Iowa 2006)). Here, there is substantial evidence from which a jury could infer Swanson had the requisite intent to permanently deprive the retailer of their property, including Smith's testimony that he saw Swanson place clearance dairy tags on two meat items in an isolated aisle, her ability to properly scan many items at checkout, the orientation of the items that improperly scanned, as well as the jury's power to weigh the credibility of witnesses. While the jury certainly could have believed Swanson's testimony, we will not second-guess their credibility determinations in the face of substantial evidence supporting their conclusions. Sufficient evidence exists in the record to support her conviction. Accordingly, we affirm.

**AFFIRMED.**